No. 2270

Second Circuit Appeal

---

C. A. TRAYLOR v. C. M. MURPHY

MRS. M. E. GUNN, Third Opponent

---

(May 9, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Agriculture—Par. 23.**

Under Act 66 of 1874 any farmer may pledge or pawn his growing crop of cotton or other agricultural products for advances in money or goods which he may require for the production of such crop by entering into a written agreement or pledge, and having it recorded.

2. **Louisiana Digest—Agriculture—Par. 23.**

Under Act 51 of 1890, crop liens must be recorded in a special book by the clerk in the mortgage office for the recordation of liens, privileges and pledges on crops.

3. **Louisiana Digest—Agriculture—Par. 23.**
The recordation by the clerk of a crop lien in a Mortgage Book does not, under Act 51 of 1890, affect third' persons. It must be recorded in the Crop Lien Book.

4 **Louisiana Digest—Evidence—Par. 53, 59.**
The burden of proof is on the one making the advances and claiming the privilege under Article 3217 of the Civil Code to show that the money was used for the purchase of necessary supplies in order to preserve the privilege accorded by that article.

5. **Louisiana Digest—Appeal—Par. 729, 736.**
Where one claims a privilege on a crop, under Article 3217 of the Civil Code, and the evidence does not show specifically just what was used for the purchase of necessary supplies, the case will be remanded to adduce further evidence on this point.

Appeal from the Thirteenth Judicial Court, Parish of Caldwell, Hon. F. E. Jones, Judge.

In this case the plaintiff had the property of the defendant seized on a writ of *fieri facias.* The third opponent claimed a privilege on this crop which had been seized. There was judgment in favor of the third opponent for the amount sued for and recognizing her privilege on the cotton seized to the extent of $600.00. Plaintiff appealed. Judgment affirmed, but reversed and remanded for further evidence as to the restricted purpose of enabling the parties to adduce further evidence on the issue of the privilege *vel non.*

G. L. Alford, of Columbia, attorney for plaintiff, appellant.

Thornhill & Thornhill, of Columbia, attorneys for third opponent, appellees.

ODOM, J.  On July 9, 1921, C. A. Traylor, the plaintiff in this case, obtained judgment in the District Court of the parish of Caldwell against C. M. Murphy, the defendant herein, for the sum of $615.90.

On September 25, 1924, the plaintiff procured the issuance of a writ of *fieri*

*facias* under said judgment, commanding the seizure and sale of the property of the defendant, or a sufficient amount to pay the debt of the plaintiff.

On the same day, September 25, 1924, the sheriff seized seven bales of cotton belonging to the defendant Murphy and advertised it for sale, the sale to take place on October 25, 1924.

On October 2, 1924, Mrs. M. E. Gunn intervened in the proceeding by way of third opposition, setting up that the defendant Murphy, was indebted unto her in the sum of $750.00 with 8% per annum interest from June 23, 1924, until paid, which indebtedness' is evidenced by one promissory note for said amount, dated June 23, 1924, said note being secured by pledge and crop lien on the crop of cotton, corn and other farm products then being grown by said C. M. Murphy on Bellevue plantation situated in Caldwell parish. She especially alleges that the amount which she claimed was lent to the defendant to enable him to cultivate and grow and gather a crop during the year 1924 and that all of the said amount was used by said defendant in planting, cultivating, growing and gathering his said crop.

And she further alleges:

"In addition to the privilege in favor of your petitioner on the said crop, flowing from the said act of pledge and crop lien, your petitioner as the furnisher of money to enable the said C. M. Murphy to plant, cultivate, grow and gather said crop, has a lien and privilege on all of the said crop so planted, cultivated, grown and gathered by the said C. M. Murphy."

The act of pledge was signed by the defendant Murphy and by Mrs. Gunn, the third opponent, before a Notary Public and two witnesses.

It is alleged that plaintiff has caused to be seized and is about to sell all the

cotton grown by said defendant Murphy on which she has a privilege.

She prays for judgment against defendant for the amount sued for and prays that her lien and privilege on the cotton seized be recognized and that she be paid by preference out of the proceeds of the sale thereof.

The plaintiff in execution filed answer to the demands of third opponent denying, generally, the allegations of the third opposition and especially denied that third opponent had any lien, privilege or pledge upon the crop of cotton produced by the defendant Murphy in the year 1924.

The case was tried in the District Court and resulted in a judgment in favor of the third opponent for the amount sued for and interest as prayed for and recognizing her privilege on the cotton seized to the extent of $600.00 as furnisher of money and funds for the making, growing and gathering of the cotton seized and ordering that she be paid that amount by preference over the seizing creditor.

From this judgment the plaintiff, C. A. Traylor, has appealed.

Third opponent answers the appeal and asks that the judgment be amended so as to recognize her lien and privilege on the crop seized to the extent of $750.00 the amount of her debt.

## OPINION

There is no question but that the defendant C. M. Murphy owes third opponent the amount that she claims against him. The case is made out on that point, and the judgment of the lower court granting her judgment against defendant for $750.00 and interest thereon at 8% from June 23, 1924, until paid, is correct.

But the controverted and serious point in the case is whether third opponent has a pledge or a privilege on the crop seized.

Act No. 66 of 1874, page 114, provides that in addition to the privilege now provided by law any planter or farmer may pledge or pawn his growing crop of cotton or other agricultural product for advances in money or goods which he may require for the production of such crop by entering into a written agreement of pledge and having the said agreement of pledge recorded in the office of the recorder of mortgages of the parish where the crop is grown.

"Which recorded contract shall give and confer on the merchant or other person advancing money, goods and necessary supplies for the growing of said agricultural products a right of pledge upon the said crop the same as if the said crop had been in the possession of the pledger."

Third opponent complied with this act to the extent that she and her debtor entered into a written agreement of pledge and she had it recorded in the office of the recorder of mortgages on the same day the agreement was signed.

The act was recorded on June 23, 1924, in the mortgage records of Caldwell parish, the parish in which the defendant resided and produced the crop.

If there were no other legislation on the subject of the recordation of such acts, third opponent's pledge on the crop produced by defendant would be good as against the claims of the seizing creditor in this case, but Act No. 51 of 1890, page 43, provides as follows:

"That it shall be the duty of the clerks of the District Courts and ex-officio recorders throughout the State, the parish of Orleans excepted, to keep a separate book in the mortgage office for the recordation of liens, privileges and pledges on crops instead of in the mortgage book as heretofore provided by law."

It appears that the Clerk of the District Court of Caldwell parish kept a book pursuant to the requirements of this act, re-

ferred to as "Crop Lien Record A", Book, but not on the day it was entered into but on October 1, 1924—several days subsequent to the seizure of the cotton by the sheriff under plaintiff's writ.

It is clear that an act of pledge entered into pursuant to provisions of Act No. 66 of 1874 can have no effect, as against third persons, unless and until properly recorded.

The recording of the agreement of pledge in this case in the mortgage records of Caldwell parish was not in compliance with the law, for Act No. 51 of 1890, quoted above, provides that there must be a separate book kept by the clerk in the mortgage office, "for the recordation of liens, privileges and pledges on crops instead of in the mortgage books".

The agreement of pledge in this case took effect, therefore, as to third persons, on October 21, 1924, the day on which the act was recorded in the book required by Act No. 51 of 1890. That was after plaintiff had seized the crop.

See Henry Lochte Co., Ltd., vs. Lefebvre, 124 La. 244, 253, 50 South. 26.

We hold therefore, that third opponent had no pledge on the crop seized which was good as against the plaintiff, the same not having been properly recorded.

But third opponent claims that, in addition to the act of pledge, she has a privilege on the crop of the current year produced by defendant because she furnished money to enable him to plant, cultivate and gather the same.

Article 3217 of the Civil Code, under the general heading of "Privileges on Particular Movables" provides that debts for necessary supplies furnished to any farm or plantation, and debts due for money actually advanced and *used for the purchase of necessary supplies*, and the payment of necessary expenses for any farm or plantation,

bear a privilege on the crops of the year and the proceeds thereof.

Therefore, even though it be true, and we have so held, that third opponent had no pledge on the crop of the defendant for the year 1924, which affected the plaintiff, if, as a matter of fact, the money which she lent defendant, as evidenced by the note sued on, was actually advanced and used for the purchase of necessary supplies and the payment of necessary expenses for the production of the crop of 1924, she has a privilege on said crop and should be paid by preference out of the proceeds of the cotton seized and sold in this case.

The privilege under this article is only for advances actually used in the making and gathering of the crop, and the burden is on the one making the advances and claiming the privilege to show that the money was so used.

National Bank of Commerce vs. Sullivan, 117 La. 163, 41 South. 480.

It may be that all the money lent by the third opponent in this case was actually advanced and used for the purchase of necessary supplies and the payment of necessary expenses for the making and gathering of the cotton seized; but the testimony does not convince us that it was. It is true that the defendant, Murphy, says he used all the money to make and gather the crop, but his testimony is not definite. He does not know how much he spent for labor, groceries, dry goods, tools or any other items. He borrowed the money on June 23, 1924, and from his testimony it would appear that he spent all of the money in the making and gathering of the crop after that date; but we cannot accept his bare statement to the effect, especially in view of the fact that he was questioned specifically as to how much he spent for groceries, dry goods, corn and various other articles which he said he had purchased

to make the crop. He produced no accounts or statements showing the purchase of any specific articles; nor does he furnish information as to when or where he procured the supplies which enabled him to make the crop. He says he purchased one plow, but he does not state the price which he paid for it. In fact, he gives the court no information as to how he spent the money, except his bare statement that he purchased groceries, dry goods, etc. We are not warranted in holding that third opponent has a privilege on the crop or the proceeds thereof without specific evidence that the money advanced was actually used to purchase supplies which enabled the defendant to make and gather the crop.

The case will, therefore, have to be remanded for the taking of testimony on this point.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed insofar as it grants third opponent judgment against defendant C. M. Murphy for the sum of $750.00 with 8% per annum interest thereon from June 23, 1924, until paid; and it is further ordered that said judgment be and it is hereby reversed insofar as it recognizes a privilege in favor of third opponent on the cotton seized and the proceeds thereof as furnisher of necessary supplies and ordered paid by preference out of the proceeds of said cotton.

And it is further ordered that this case be remanded for the restricted purpose of enabling the parties to adduce further evidence on the issue of the privilege *vel non* claimed by third opponent, and that the proceeds of the sale of the cotton seized remain in the hands of the sheriff until the further orders of the court. Costs to await the final determination of the case.